## MOORE v. HARTFORD LIFE-INSURANCE CO.

APPEAL AND ERROR—EXCEPTIONS—NECESSITY—NEW TRIAL.
  Where no requests are made that the judge file reasons for denying a motion for new trial, and no exceptions are taken to his written opinion on overruling such motion, the order will not be reviewed.

Error to Gratiot; Stone, J. Submitted November 9, 1905. (Docket No. 246.) Decided March 27, 1906.

Assumpsit by Harry W. Moore against the Hartford Life-Insurance Company on a policy of insurance. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Julius B. Kirby,* for appellant.

*John T. Mathews,* for appellee.

MOORE, J.   In July, 1904, David Moore insured in the defendant company, paying the first premium therefor, and a policy was issued to him, naming Sarah E. Osborn, his sister, as beneficiary.   On the 2d of November, 1904, the insured died as the result of typhoid fever.   On the 15th of November, 1904, proofs of loss were furnished the company.   Afterwards the beneficiary assigned her interest in the policy to the plaintiff in this action.   Suit was commenced.   The declaration declared upon the policy and also upon the common counts in assumpsit.   The defendant pleaded the general issue and gave notice thereunder that it would rely as a matter of defense upon the fact that the insured obtained the policy by fraud, in that he answered material questions in the application falsely. It also gave notice that all claims to the beneficiary named in said policy had been fully paid, satisfied, and compromised.

It is the claim of plaintiff that false answers were not made to material questions in the application, and that defendant, by means of fraud and false statements, obtained from the beneficiary named in said policy a release from any liability thereunder, and a delivery of the policy, and that by reason of said fraud the release was not binding and defendant was still liable under the policy.   The jury before whom the case was tried returned a verdict in favor of plaintiff.   After the verdict was rendered in the case, an application was made for a new trial, which application was overruled.   No requests were made that the judge file reasons for denying the motion for a new trial, and no exceptions were taken to the written opinion which he wrote in overruling the motion for a new trial.   We have repeatedly held that under such circumstances we will not review the action of the circuit judge in overruling a motion for a new trial.

From the statement already made it will be seen that upon the trial two important questions were presented:

*First.* Did the insured, by means of false statements in his application, perpetrate a fraud upon the company in obtaining the policy of insurance ?

*Second.* Did the defendant, by means of false statements, obtain a release from any liability because of the policy, from the beneficiary named therein ?

There was testimony introduced bearing upon each of these questions tending to support the conflicting claims of the parties to the litigation, and we think those questions were rightly submitted to the jury.

It is the claim of counsel for the defendant that, under the undisputed testimony in the case with reference to the condition of the insured and his answers to the questions contained in the policy of the insured, the trial court should have directed a verdict in favor of the defendant. This claim is based almost entirely upon the testimony of one Dr. McClinton. It will be sufficient to say, with reference to this contention of counsel, that the testimony was not undisputed.

Objection was made on the part of the plaintiff to the testimony of this doctor upon the ground that it was privileged. The trial court overruled the objection and permitted him to testify fully in the case. In view of the result, we deem it unnecessary to pass upon the question as to whether any of this testimony was privileged. It all went before the jury. Parts of it were disputed by the testimony of other witnesses. Portions of it were utterly inconsistent with a sworn written statement made by the doctor accompanying the proofs of loss. The circuit judge submitted the question fully and fairly to the jury, and they evidently refused to believe the testimony of this witness and there was abundant evidence to justify their verdict in that respect.

The case was carefully tried by the trial judge, and we find no error in it that ought to result in its reversal.

Judgment is affirmed.

McALVAY, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.